Allen I. Sak, Esq. Town Attorney, Brookhaven
You have asked whether your town may substitute the town clerk for the supervisor as the officer responsible for issuing licenses to junk dealers and scrap processors under Articles 6 and 6-A of the General Business Law.
Section 60 of Article 6 of the General Business Law requires that any person or firm engaging in the business of buying or selling old metal must obtain a license "from the mayor of the city, if the principal place of business of such junk dealer is in a city, or the mayor of the village if such place of business is in an incorporated village, otherwise from the supervisor of the town in which such place of business is located". No person or corporation or member of an association or partnership shall be entitled to a license who has been convicted of larceny or knowingly receiving stolen property subsequent to January 1, 1903 (General Business Law, § 61). Further, junk dealers are required to have subscribed by the person from whom they purchase metal a statement indicating when, where and from whom the person obtained the property (id., § 62). The statement is to be filed with law enforcement officials (ibid.).
Section 69-f of Article 6-C of the General Business Law requires that any person or firm engaging in the business of scrap processing must obtain a license "from the mayor of the city, if the place of business of such scrap processor is in a city, or the mayor of the village if the place of business is in an incorporated village, otherwise from the supervisor of the town in which such place of business is located, or from the licensing authority of any such municipality". The scrap processor must record the date of each scrap metal purchase and the name and residence of the seller, which records are to be available for inspection by law enforcement officials (id., § 69-g).
We believe that by the terms of section 69-f, a town may authorize the clerk to issue licenses to scrap processors. We base this conclusion upon the language of the section authorizing as an alternative the issuance of a license "from the licensing authority of any such municipality". The town clerk is the licensing authority of a town (Town Law, § 136). Therefore, it is our opinion that the town board may authorize the clerk to issue licenses required by Article 6-C.
In our opinion, a town may not transfer to the clerk the responsibility for issuing licenses to persons desiring to engage in the business of buying or selling old metal. Section 60 of the General Business Law provides for their issuance by the supervisor of the town and does not permit flexibility as does section 69-f with respect to scrap processors. Although under sections 136 and 137 of the Town Law, a town may enact an ordinance licensing junk dealers and dealers in second hand articles, with such licenses to be issued by the town clerk, this authorization cannot be substituted for the provisions of Article 6. In a previous opinion of this office, we characterized Article 6 of the General Business Law as a device to enable the tracing of stolen junk since by nature the junk business is a market for stolen property (1939 Reports of the Attorney General 138). Sections 136 and 137 of the Town Law permit further regulation of the junk business by a town but these provisions are separate and independent of those of Article 6 of the General Business Law (ibid.). Further, since Article 6 is a "general law" (Municipal Home Rule Law, § 2[5]), a local government is not authorized to adopt local laws inconsistent with its provisions (id.,
§ 10).
We conclude that a town may designate the town clerk as the licensing authority for scrap processors under Article 6-C of the General Business Law but may not designate this office to license junk dealers under Article 6 of that law.